# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DORIS RACHER,<br>SANDRA CISPER, and<br>EARLENE ADKISSON, Co-Personal<br>Representatives of the ESTATE OF<br>ERYETHA MAYBERRY, DECEASED;<br>and JAMES KINGSBURY, Personal<br>Representative of the Estate of and Next<br>of Kin to Rachel Mary Kingsbury,<br>Deceased,<br><br>     Plaintiffs,<br><br>vs.<br><br>RON LUSK, an individual;<br>WESTLAKE MANAGEMENT<br>COMPANY, a Texas Corporation; and<br>WESTLAKE NURSING HOME<br>LIMITED PARTNERSHIP, an Oklahoma<br>limited partnership, formerly d/b/a Quail<br>Creek Nursing and Rehabilitation Center,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-13-665-M<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is plaintiffs' Motion for Leave to File Amended Complaint to Include Additional Funds Fraudulently Transferred to Lusk and Westlake Management Company, filed September 28, 2015. On October 19, 2015, defendants filed their response, and on October 26, 2015, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiffs request leave to file an amended complaint to include additional funds that were allegedly fraudulently transferred to defendants Ron Lusk and Westlake Management Company, including $1.14 million received from accounts receivables after the sale of the nursing home. Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its

pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

However, when a motion to amend is filed after the deadline set forth in the Scheduling Order, as it is in the instant matter[1], the moving party must show good cause for allowing the amendment out of time. *See* Fed. R. Civ. P. 16(b)(4); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990).

> Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has a "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a). . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

---

[1] The deadline to file a motion to amend was September 4, 2014.

2

*Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotations and citation omitted).

Plaintiffs contend they have shown good cause for not meeting the original deadline of September 4, 2014 for amending their complaint. Specifically, plaintiffs assert that in May 2015, they learned through a subpoena to a bank of additional funds fraudulently transferred to defendant Ron Lusk.[2] Plaintiffs further assert that on May 28, 2015, shortly after plaintiffs received the subpoenaed bank records, which consisted of bank statements and supporting documents containing numerous transactions that had to be assessed and analyzed, plaintiffs served discovery upon defendants to clarify and explain the subpoenaed documents. Plaintiffs assert that instead of responding to the discovery requests, defendants objected to all the discovery, and the outstanding discovery is now the subject of a motion to compel. Finally, plaintiffs assert that the additional funds were fraudulently transferred to defendant Ron Lusk for his personal use prior to his deposition taken on September 15, 2014, and that during the deposition defendant Ron Lusk falsely testified that all funds from accounts receivables after the sale of the nursing home were used to pay creditors and expenses of the nursing home.

Defendants assert that plaintiffs cannot satisfy the good cause standard due to their lack of diligence in waiting until just two months before the discovery cutoff and on the eve of trial to file their motion. Defendants contend that plaintiffs have known for almost a year that defendants continued to receive Medicare and Medicaid receivables following the sale of the nursing home. Defendants further contend that plaintiffs inexcusably waited five months after they received the

---

[2]Plaintiffs sought these documents pursuant to a subpoena in December 2014, and the records were to be produced on or before January 6, 2015. Defendants, however, moved for a protective order, which this Court ultimately denied.

bank records to file their motion. Finally, defendants contend that defendant Ron Lusk's deposition testimony was not untruthful.

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs have shown good cause for allowing the amendment out of time. Specifically, the Court finds that plaintiffs' delay in filing their motion to amend was not a result of a lack of diligence on the part of plaintiffs. Plaintiffs initially sought the bank records in December 2014, but due to defendants' objection and motion for protective order, did not receive these documents until May 2015. Further, plaintiffs then sought clarification regarding the records, in order to determine whether there was any factual basis to believe there had been additional fraudulent transfers, through additional discovery requests, to which defendants objected.

As plaintiffs have shown good cause for allowing the amendment out of time, plaintiffs must now pass the requirements for amendment under Rule 15(a). Having carefully reviewed the parties' submissions, the Court finds that plaintiffs should be granted leave to file an amended complaint to include additional funds allegedly fraudulently transferred to defendants Ron Lusk and Westlake Management Company. Specifically, the Court finds, as set forth above, that plaintiffs did not unduly delay in filing their motion to amend. Additionally, the Court finds no bad faith or dilatory motive on the part of plaintiffs, no failure to cure deficiencies by amendments previously allowed, and no futility of amendment. Finally, the Court finds that the amendment will not unduly prejudice defendant. Due to the nature of the amendment, and the fact that defendants already have the bank records that plaintiffs are relying upon and the bank records are defendant Ron Lusk's bank records, the Court finds defendants will not be unduly prejudiced. Further, if defendants need any additional

time to conduct discovery, the Court will be entertain, and likely grant, a motion to extend the discovery deadline.

Accordingly, the Court GRANTS plaintiffs' Motion for Leave to File Amended Complaint to Include Additional Funds Fraudulently Transferred to Lusk and Westlake Management Company [docket no. 115]. Plaintiffs shall file their Amended Complaint within five (5) days of the date of this Order.

**IT IS SO ORDERED this 4th day of November, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE