## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

DORIS RACHER,                                       )
SANDRA CISPER,                                      )
EARLENE ADKISSON, Co-Personal                       )
Representatives of the ESTATE OF                    )
ERYETHA MAYBERRY,                                   )
DECEASED, and                                       )
JAMES KINGSBURY, Personal                           )
Representative of the Estate of and Next            )
of Kin to Rachel Mary Kingsbury,                    )
Deceased,                                           )
                                                    )
                    Plaintiffs,                     )
                                                    )
vs.                                                 )        Case No. CIV-13-665-M
                                                    )
RON LUSK, an Individual,                            )
WESTLAKE MANAGEMENT                                 )
COMPANY, a Texas Corporation, and                   )
WESTLAKE NURSING HOME                               )
LIMITED PARTNERSHIP, an Oklahoma                    )
limited partnership, formerly d/b/a                 )
Quail Creek Nursing and Rehabilitation              )
Center,                                             )
                                                    )
                    Defendants.                     )

## ORDER

Before the Court is defendants' Motion to Bifurcate Trial, or in the Alternative, Motion for

Severance, and Motion to Stay Proceedings for Claims of Doris Racher, Sandra Cisper, and Earlene

Adkisson, filed November 13, 2015. On December 4, 2015, plaintiffs filed their response, and on

December 11, 2015, defendants filed their reply. Based upon the parties' submissions, the Court

makes its determination.

## I.     Introduction

The instant action involves fraudulent transfer claims brought by the following two plaintiff groups: (1) Doris Racher, Sandra Cisper, and Earlene Adkisson, co-personal representatives of the estate of Eryetha Mayberry, deceased ("Mayberry Plaintiffs"), and (2) James Kingsbury, personal representative of the estate of and next of kin to Rachel Mary Kingsbury, deceased ("Kingsbury Plaintiff"). The claims of both plaintiff groups allege fraudulent transfers relating to the transfer of the same nursing home sales proceeds and Medicaid and Medicare receipts following the sale of the nursing home. Further, the claims of the plaintiff groups are based on two discrete judgments. The Kingsbury Plaintiff obtained a judgment against defendant Westlake Nursing Home Limited Partnership based on a jury verdict entered on February 28, 2014; the judgment awarded was for $349,427.23, and as of August 15, 2015, the Kingsbury Plaintiff's claim totaled about $382,713. The Mayberry Plaintiffs obtained a judgment based on a jury verdict for damages of $1,210,000 against defendants Westlake Nursing Home Limited Partnership and Westlake Management Company on February 18, 2015. Defendants now move this Court to bifurcate the trial of the Kingsbury Plaintiff's claim and the Mayberry Plaintiffs' claim pursuant to Federal Rule of Civil Procedure 42(b), or in the alternative, to sever the claims pursuant to Federal Rule of Civil Procedure 21. Additionally, defendants move for a stay of the proceedings related to the Mayberry Plaintiffs' claim until final resolution of Case No. CIV-13-364-M in the Western District of Oklahoma.

## II.     Motion to Bifurcate

Federal Rule of Civil Procedure 42(b) provides, in pertinent part: "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "The

Federal Rules of Civil Procedure give district courts broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused." *Easton v. City of Boulder, Colo.*, 776 F.2d 1441, 1447 (10th Cir. 1985). However, ordering a separate trial is an abuse of discretion if it is unfair or prejudicial to a party. *See Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993).

Defendants assert that separate trials for the Mayberry Plaintiffs' claim and the Kingsbury Plaintiff's claim are warranted in order to avoid undue prejudice to defendants and to prevent confusion of the jury. Specifically, defendants assert that separate trials are necessary for the following reasons: (1) evidence relating to the Kingsbury judgment is not relevant to or admissible for the Mayberry Plaintiffs' fraudulent transfer claim, and evidence relating to the Mayberry judgment is not relevant to or admissible for the Plaintiff Kingsbury's fraudulent transfer claim; (2) the damages sought by the Mayberry Plaintiffs are significantly greater than the damages sought by the Kingsbury Plaintiff; (3) the facts and circumstances relating to the Kingsbury judgment and the Mayberry judgment are considerably different; (4) at least one legal defense, equitable estoppel, applies to the Mayberry Plaintiffs' claim but not the Kingsbury Plaintiff's claim; and (5) the lawsuit related to the Kingsbury Plaintiff's claim was already on file when the sale of the nursing home occurred, but the lawsuit related to the Mayberry Plaintiffs' claim had not been filed when the sale of the nursing home occurred, and defendants state they will offer evidence that the Mayberry Plaintiffs had repeatedly informed the staff at the nursing home that they would not be filing such a lawsuit.

Having carefully reviewed the parties' submissions, the Court finds that separate trials for the Mayberry Plaintiffs' claim and the Kingsbury Plaintiff's claim are not warranted in this case.

Specifically, the Court finds that defendants will not be unduly prejudiced by a single trial and that a single trial will not confuse the jury. First, the Court finds that because Oklahoma's Uniform Fraudulent Transfer Act provides that a transfer made by a debtor is fraudulent as to <u>a</u> creditor if the debtor made the transfer with actual intent to hinder, delay, or defraud <u>any</u> creditor of the debtor, *see* Okla. Stat. tit. 24, §116(A)(1), evidence regarding the Mayberry Plaintiffs' claim is likely relevant to the Kingsbury Plaintiff's claim and evidence regarding the Kingsbury Plaintiff's claim is likely relevant to the Mayberry Plaintiffs' claim. Second, while the damages sought by the Kingsbury Plaintiff and the Mayberry Plaintiffs are greatly different, the damage amounts are set by the prior judgments and, thus, the actual amount of damages will not be determined by the jury. Third, while the facts and circumstances relating to the Kingsbury judgment and the Mayberry judgment are considerably different, the Court finds that these differences do not warrant separate trials. The issues in this case involve the alleged fraudulent transfers, and any evidence regarding the facts and circumstances relating to the judgments will be minimal. Fourth, because the jury can be adequately instructed to only consider the equitable estoppel defense in relation to the Mayberry Plaintiffs' claim, the Court finds that separate trials are not warranted. Finally, the Court finds that bifurcating the trials would, in fact, result in two duplicate trials with the same witnesses and evidence being presented.

Accordingly, the Court finds that defendants' motion to bifurcate should be denied.

III.   <u>Motion for Severance</u>

Federal Rule of Civil Procedure 21 provides, in pertinent part: "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. For the same reasons they rely on to bifurcate the trial,

defendants assert that this Court should sever the Kingsbury Plaintiff's claim from the Mayberry Plaintiffs' claim. As the Court has denied defendants' motion to bifurcate, and for the same reasons set forth above, the Court finds that defendants' motion for severance should be denied.

IV.     Motion to Stay Proceedings

Defendants also request the Court to stay the proceedings for the Mayberry Plaintiffs' claim until resolution of the post-trial motions in Case No. CIV-13-364-M. Subsequent to defendants filing the instant motion, the Court denied the pending post-trial motions in Case No. CIV-13-364-M. Accordingly, the Court finds that defendants' motion to stay proceedings is now moot.

V.      Conclusion

For the reasons set forth above, the Court DENIES defendants' Motion to Bifurcate Trial, or in the Alternative Motion for Severance [docket no. 144] and FINDS defendants' Motion to Stay Proceedings for Claims of Doris Racher, Sandra Cisper, and Earlene Adkisson [docket no. 144] is now MOOT.

**IT IS SO ORDERED this 22nd day of December, 2015.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE