# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DORIS RACHER, <br> SANDRA CISPER, and <br> EARLENE ADKISSON, Co-Personal <br> Representatives of the ESTATE OF <br> ERYETHA MAYBERRY, DECEASED, <br> and <br> JAMES KINGSBURY, Personal <br> Representative of the Estate of and Next of <br> Kin to Rachel Mary Kingsbury, Deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> RON LUSK, an individual; <br> WESTLAKE MANAGEMENT <br> COMPANY, a Texas Corporation; and <br> WESTLAKE NURSING HOME <br> LIMITED PARTNERSHIP, an Oklahoma <br> limited partnership, formerly d/b/a Quail <br> Creek Nursing and Rehabilitation Center, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. CIV-13-665-M |

## ORDER

Before the Court is plaintiffs' Motion to Compel Lusk to Personally Appear at Trial, filed December 30, 2015. On January 4, 2016, defendant Ron Lusk ("Lusk") filed his response. Based upon the parties' submissions, the Court makes its determination.

Plaintiffs' counsel recently learned from defendants' counsel that Lusk may not appear at the trial of this case.[1] Lusk owns 100% of defendant Westlake Management Company and 99% of defendant Westlake Nursing Home Limited Partnership.[2] Additionally, Lusk is the sole witness to

---

[1]This case is scheduled to start trial on January 12, 2016.

[2]Defendant Westlake Management Company owns the other 1% of defendant Westlake Nursing Home Limited Partnership. Defendant Westlake Management Company has no employees,

the allegedly fraudulent transfers at issue in this case. However, Lusk is located more than 100 miles from this Court. In light of the above, plaintiffs now move this Court to enter an order compelling Lusk to personally appear at the trial of this case.

Plaintiffs assert that Lusk's personal appearance at trial is necessary for a fair, full, and complete adjudication of this case. Specifically, plaintiffs assert that Lusk's testimony is necessary to explain the evidence and his absence would create many questions for the jury and would cause confusion. Further, plaintiffs assert they were not allowed to fully depose Lusk because there were several times Lusk refused to answer questions and Lusk's depositions were discovery depositions and not trial depositions. Plaintiffs, therefore, contend that this Court should use its inherent powers to order Lusk's appearance at trial.

Plaintiffs also assert that based upon previous correspondence between counsel, plaintiffs understood that Lusk would be appearing at trial.[3] Plaintiffs further contend that Lusk's inconsistent position concerning his refusal to personally appear at the trial of this case has placed plaintiffs at a significant disadvantage and equitable estoppel precludes Lusk from refusing to personally appear at trial to testify. Finally, plaintiffs assert that the current version of Federal Rule of Civil Procedure 45 requires Lusk to personally appear at trial. Specifically, plaintiffs assert that the current business of defendants in Oklahoma is to defend and resolve any pending litigation that is related or incident thereto or connected with the nursing home and Lusk, therefore, is required to personally appear at

and Lusk is its only officer and agent.

[3]Lusk also personally and voluntarily attended the four-day trial in the related case of *Racher, et al. v. Westlake Nursing Home Limited Partnership, et al.*, Case No. CIV-13-364-M.

trial because all defendants, including Lusk, "regularly transact business in person" in the State of Oklahoma.

Lusk asserts that Rule 45(c)(1) does not permit the Court to order him to personally appear at trial, as he is located more than 100 miles from this District. Lusk further asserts that it is improper for this Court to rely on its inherent powers to compel his attendance at trial because it would be in direct contravention of Rule 45(c) and would make the restrictions in Rule 45(c) meaningless. Additionally, Lusk asserts that he does not regularly transact business in person in Oklahoma. Specifically, Lusk contends that defending litigation is not "transacting business" and the small number of times he has been in Oklahoma does not constitute "regularly" transacting business. Further, Lusk contends that none of the alleged "business" was done by him in his personal capacity, but it was done in his capacity as an officer of defendant Westlake Management Company. Finally, Lusk asserts that equitable estoppel does not apply to the instant circumstances.

Rule 45(c)(1) provides:

> A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>   (i) is a party or a party's officer; or
>   (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1).

Having carefully reviewed the parties' submissions, the Court finds that Rule 45 does not require Lusk to personally appear at trial. First, Lusk resides in Texas, and this Court is not within

3

100 miles of where Lusk resides.  Second, this Court finds that Lusk does not regularly transact business in Oklahoma.  Specifically, the Court finds "defending litigation" does not equate to "transacting business," and even if it did, the small number of times Lusk has been in Oklahoma defending litigation does not constitute "regularly" transacting business.[4]  Additionally, the Court finds that it would be inappropriate for this Court to use its inherent powers to compel Lusk to personally appear at the trial in this case because doing so would directly contravene the plain language of Rule 45(c)(1).

However, the Court finds that plaintiffs would be significantly prejudiced if Lusk did not personally appear and testify at trial and they were required to rely on the depositions taken thus far in this case.  The Court, therefore, finds that the equities of this case require the Court to take some action regarding Lusk's appearance at trial, albeit action short of compelling Lusk to personally appear at the trial.  Accordingly, if Lusk does not agree to personally appear at trial, the Court grants plaintiffs leave to take a video trial deposition of Lusk to be used during the trial of this case.  The Court will not continue this case from the Court's January trial docket but realizes that the parties may not be able to take the deposition prior to the January 12, 2016 start date of the trial.  Jury selection will still be held on January 12, 2016, but if the parties have not taken Lusk's deposition by that date, the presentation of evidence will not begin until a later date in January.  At the pretrial conference scheduled for January 6, 2016 at 2:00 p.m., the parties shall advise the Court whether

---

[4]The Court further finds that applying the prior version of Rule 45 that was in effect when this case was filed would not alter the Court's conclusion.  While courts had ruled that the 100 mile rule did not apply to a party in a case, those rulings do not appear to logically follow from the text of Rule 45.

4

Lusk will be personally appearing at the trial and if not, when the trial deposition will be taken and when trial will be able to commence.

For the reasons set forth above, the Court DENIES plaintiffs' Motion to Compel Lusk to Personally Appear at Trial [docket no. 166] but GRANTS plaintiffs leave to take a video trial deposition of Lusk to be used during the trial of this case.

**IT IS SO ORDERED this 5th day of January, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE