# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DORIS RACHER, <br> SANDRA CISPER, and <br> EARLENE ADKISSON, Co-Personal <br> Representatives of the ESTATE OF <br> ERYETHA MAYBERRY, DECEASED, <br> and <br> JAMES KINGSBURY, Personal <br> Representative of the Estate of and Next of <br> Kin to Rachel Mary Kingsbury, Deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> RON LUSK, an individual; <br> WESTLAKE MANAGEMENT <br> COMPANY, a Texas Corporation; and <br> WESTLAKE NURSING HOME <br> LIMITED PARTNERSHIP, an Oklahoma <br> limited partnership, formerly d/b/a Quail <br> Creek Nursing and Rehabilitation Center, <br><br> Defendants. | Case No. CIV-13-665-M |

## ORDER

On December 24, 2015, plaintiffs' counsel learned from defendants' counsel that defendant Ron Lusk ("Lusk") may not appear at the trial of this case.[1] Subsequently, plaintiffs moved the Court to compel Lusk to personally appear at the trial. On January 5, 2016, the Court, based upon the language of Federal Rule of Civil Procedure 45(c)(1), denied plaintiffs' motion to compel but granted plaintiffs leave to take a video trial deposition of Lusk if Lusk does not agree to personally appear at trial. In its January 5, 2016 Order, the Court directed the parties to advise the Court at the

---

[1] This case is set on the Court's January 2016 trial docket, and jury selection for the trial is scheduled for Tuesday, January 12, 2016.

pretrial conference as to whether Lusk will be personally appearing at the trial and if not, when the trial deposition will be taken and when trial will be able to commence.

At the pretrial conference, Lusk's counsel advised the Court that Lusk would not be personally appearing at the trial and that due to Lusk's travel schedule, the first date Lusk would be available for a video trial deposition would be Friday, January 15, 2016. Counsel for the parties, however, disagreed as to where the deposition should be taken. Plaintiffs' counsel contends that the deposition should be conducted in Oklahoma City, and Lusk's counsel contends that the deposition should be conducted in Dallas, Texas, where Lusk resides. The Court directed the parties to submit simultaneous briefs on this issue, and those briefs have been filed. Based upon those briefs, the Federal Rules of Civil Procedure, and the case law, the Court makes its determination.

A notice issued by a plaintiff is all that is necessary to require the attendance of a party at a deposition.[2] *See Cont'l Fed. Sav. and Loan Assoc. v. Delta Corp. of Am.*, 71 F.R.D. 697, 699 (W.D. Okla. 1976). The video trial deposition of Lusk is governed by Federal Rule of Civil Procedure 30(a)(2)(A)(ii).[3] Lusk has already been deposed in this case, and in its January 5, 2016 Order, the Court granted plaintiffs leave to take the video trial deposition.

Although his deposition is governed by Rule 30, Lusk relies upon Federal Rule of Civil Procedure 45's 100-mile geographic limitation to contend that his deposition must take place in

---

[2]Once the Court determines where the deposition will occur, plaintiffs will be able to issue the notice to take the video trial deposition of Lusk. Further, due to the unusual circumstances in this case, as well as the impending trial, the Court finds a shorter period of notice for the deposition is appropriate.

[3]In his brief, Lusk refers to Rule 30(a)(1), and specifically to Rule 30(a)(1)'s statement that the deponent's attendance may be compelled by subpoena under Rule 45. As leave was required for this deposition, Rule 30(a)(1) does not apply, and its statement, which does not appear in Rule 30(a)(2), does not apply to the issue at hand.

Dallas, Texas. The geographic limitation of Rule 45, however, does not apply to the depositions of parties.

> Depositions of parties, and officers, directors, and managing agents of parties need not involve use of a subpoena. Under Rule 37(d)(1)(A)(i), failure of such a witness whose deposition was properly noticed to appear for the deposition can lead to Rule 37(b) sanctions (including dismissal or default but not contempt) without regard to service of a subpoena and without regard to the geographical limitations on compliance with a subpoena. These amendments do not change that existing law; the courts retain their authority to control the place of party depositions and impose sanctions for failure to appear under Rule 37(b).

Advisory Committee Notes to the 2013 Amendment to Rule 45(c). Because Lusk is a defendant in this case, the Court finds that Rule 45's 100-mile geographic limitation does not apply to preclude taking his deposition in Oklahoma City.

Under Federal Rule of Civil Procedure 26(c)(2), trial courts have "great discretion in establishing the time and place of a deposition." *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987). However, there is a general presumption that a defendant should be deposed at his place of residence, in this case, Dallas, Texas. *See Pinnacle Packaging Co., Inc. v. Constantia Flexibles GmbH*, Case No. 12-CV-537-JED-TLW, 2015 WL 9216845, at *5 (N.D. Okla. Dec. 17, 2015); *Continental Fed.*, 71 F.R.D. at 699. To overcome this presumption, circumstances must exist "distinguishing the case from the ordinary run of civil cases." *Pinnacle*, 2015 WL 9216845, at *5 (internal quotations and citation omitted). Factors considered by courts in determining whether such circumstances exist include: the location of counsel for the parties, the burden on the deponent if he is required to travel, the travel expenses of the deponent and counsel, whether the person to be deposed often travels for business purposes, and the general equities of the given factual setting.

*See id.* at *7; *Kelly v. Mercedes-Benz USA, Inc.*, No. 99-CV-476-H(J), 2015 WL 3796045, at *1 (N.D. Okla. Mar. 8, 2015).

Having carefully reviewed the parties' briefs, and being quite familiar with the circumstances surrounding the need for the video trial deposition of Lusk, the Court finds that the circumstances in this case distinguish this case from the ordinary run of civil cases and overcome the presumption that Lusk's video trial deposition should be taken in Dallas, Texas. The Court, therefore, finds Lusk's deposition should be taken in Oklahoma City. Specifically, the Court finds that counsel for both plaintiffs and Lusk are located in Oklahoma City, and counsel's travel expenses would be greater if the deposition were taken in Dallas. Additionally, the Court finds that there would be no significant burden on Lusk if his deposition were taken in Oklahoma City; the distance between Oklahoma City and Dallas is not substantial and Lusk's travel expenses would not be great. Further, Lusk travels for business purposes; in fact, the reason he is not able to be available for a deposition prior to January 15 is that he is traveling on business. Finally, plaintiffs' counsel did not find out until right before trial that Lusk would not be personally appearing at the trial; the general equities in this case strongly favor the deposition being taken in Oklahoma City.

Accordingly, the Court FINDS that the video trial deposition of defendant Ron Lusk should be conducted in Oklahoma City.

**IT IS SO ORDERED this 8th day of January, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE