# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DORIS RACHER,<br>SANDRA CISPER,<br>EARLENE ADKISSON, Co-personal<br>Representatives of the ESTATE OF<br>ERYETHA MAYBERRY, DECEASED,<br>and<br>JAMES KINGSBURY, Personal<br>Representative of the Estate of and Next<br>of Kin to Rachel Mary Kingsbury,<br>Deceased,<br><br>     Plaintiffs,<br><br>vs.<br><br>RON LUSK, an Individual;<br>WESTLAKE MANAGEMENT<br>COMPANY, a Texas Corporation; and<br>WESTLAKE NURSING HOME<br>LIMITED PARTNERSHIP, an Oklahoma<br>limited partnership, formerly d/b/a<br>Quail Creek Nursing and Rehabilitation<br>Center,<br><br>     Defendants. | Case No. CIV-13-665-M |

## ORDER

Before the Court is defendant Ron Lusk's ("Lusk") Motion to Quash Subpoena Duces Tecum Directed to Plains Capital Bank, filed February 22, 2017. On March 1, 2017, plaintiffs filed their objection, and on March 8, 2017, Lusk filed his reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiffs have final judgments against Lusk totaling approximately $1,550,000. Plaintiffs have not been able to collect on these judgments. Plaintiffs have issued a subpoena to Plains Capital Bank to ascertain the source of funds that Lusk uses to make his monthly house payment of $11,900. Specifically, plaintiffs have requested:

> All documents from May 1, 2013, to the present date that show the financial institutions and account numbers for the source of funds (whether by check, automatic withdrawal or some other method of payment) for the periodic payments associated with the loan and mortgage on the residential property located at 6214 Park Lane, Dallas, TX 75225, a/k/a Lt 14 and 45 45FT of 15, BI A/5470, Preston Estates, in which Plains Capital Bank is the lender and Ronald E. Lusk, SS # XXX-XX-0707 is one of the borrowers, as evidenced by the Note and Deed of Trust in the amount of $1,500,000 dated April 25, 2013, and recorded May 1, 2013, a copy of which is attached hereto; and
>
> All documents from January 1, 2016, to the present date that show the amount held in escrow in regard to the loan and mortgage described above.

Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in Civil Action at 3 [docket no. 229-1]. Lusk now moves the Court to quash the subpoena to Plains Capital Bank.

"The rules governing discovery in postjudgment proceedings are quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 2254 (2014). Federal Rule of Civil Procedure 69(a)(2) states:

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a)(2). Further, the general rule in the federal system is that subject to the district court's discretion, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "So long as the discovery is in aid of execution of a judgment, the majority of the case law requires only that the information sought be relevant" and "relevant information pursuant to Rule 69(a)(2) must be such that it could possibly lead to executable assets." *Stan Lee*

*Media, Inc. v. The Walt Disney Co.*, Civil Action No. 12-cv-02663-WJM-KMT, 2015 WL 5210655 at *2 (D. Colo. Sept. 8, 2015).

Lusk asserts the subpoena should be quashed because it seeks financial information concerning his exempt homestead property and such information is irrelevant to his ability to satisfy plaintiffs' judgments against him. Lusk further asserts that identifying the source of funds used to pay his monthly obligations due on the mortgage on the exempt homestead will not show his ability to pay the judgment debt of plaintiffs. Plaintiffs contend that regardless of whether Lusk's house qualifies as exempt, the source of the funds used to make those house payments is not exempt and the source of the funds, therefore, could be garnished or executed upon. Accordingly, plaintiffs contend that the financial information sought through the subpoena is relevant.

Having reviewed the parties' submissions, the Court finds that the subpoena to Plains Capital Bank should not be quashed. Specifically, the Court finds that the subpoena seeks relevant information that could possibly lead to executable assets. By seeking information regarding the source of funds used to make Lusk's mortgage payments, plaintiffs are simply attempting to obtain information about Lusk's assets and income, as the source of funds could be an asset or income of Lusk's, that could be used to satisfy plaintiffs' judgments.

Accordingly, the Court DENIES Lusk's Motion to Quash Subpoena Duces Tecum Directed to Plains Capital Bank [docket no. 232].

**IT IS SO ORDERED this 19th day of April, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE