# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

DORIS RACHER, SANDRA CISPER, and )
EARLENE ADKISSON, as Co-Personal )
Representatives of the ESTATE OF )
ERYETHA MAYBERRY, DECEASED; )
and JAMES KINGSBURY, Personal )
Representative of the ESTATE OF, and )
Next of Kin to, RACHEL MARY )
KINGSBURY, DECEASED )
                 )
         Plaintiffs, )
                 )
v.                        )       Case No. CIV-13-00665-PRW
                 )
RON LUSK, an individual; WESTLAKE )
MANAGEMENT COMPANY, a Texas )
corporation; and WESTLAKE NURSING )
HOME LIMITED PARTNERSHIP, an )
Oklahoma limited partnership, formerly )
d/b/a Quail Creek Nursing and )
Rehabilitation Center, )
                 )
         Defendants. )

## <u>ORDER</u>

Plaintiffs, through their counsel, have filed a Postjudgment Motion to Compel Defendant Ron Lusk to Produce Federal Tax Returns (Dkt. 241), asking the Court to compel Mr. Lusk to respond to Plaintiffs' Sixth Post Judgment Request for Production of Documents (Dkt. 241-3) issued on October 16, 2019, pursuant to Rules 34 and 69 of the Federal Rules of Civil Procedure. The single request for production asks Mr. Lusk to "[p]roduce copies of your individual federal tax returns with all schedules and attachments,

including K-1s, W-2s and 1099s, for the years 2016 through 2018."[1] From the motion, it is not clear whether this is the only discovery issued post-judgment or is the sixth set of discovery issued post-judgment.

In the motion, Plaintiffs lay out the procedural history of this case, including the entry of Judgment (Dkt. 194) against Mr. Lusk and others on January 25, 2016; the withdrawal of defense counsel on May 25, 2018; and former defense counsel's provision of Mr. Lusk's personal contact information on May 25, 2018.[2] Plaintiffs also assert that the judgment against Mr. Lusk, personally, was entered due to fraudulent transfers that his company made to him.[3] Plaintiffs inform the Court that Mr. Lusk has made no payments to Plaintiffs on the Judgment (Dkt. 194) and that the full amount remains due and owing.[4] Hence, their desire to discover information related to his assets from 2016 to present.

Plaintiffs inform the Court, however, that "the informal conference between counsel to address discovery disputes required by Local Rule 37.1" has not happened because Plaintiffs' counsel believes "Local Rule 37.1 does not appear to be applicable."[5] In a footnote, Plaintiffs quote the entirety of the local rule and emphasize all the language referring to a meet-and-confer between "counsel" for the parties.

---

[1] Pls.' Req. for Produc. #1 (Dkt. 241-3).

[2] Pls.' Post-J. Mot. to Compel Def. Lusk to Produce Federal Tax Returns (Dkt. 241) ¶¶ 1– 4, at 1–2.

[3] *Id.* ¶ 1, at 1.

[4] *Id.* ¶ 1, at 1–2.

[5] *Id.* ¶ 9, at 3.

Regardless of the language appearing in LCvR 37.1, Rule 37(a)(1) of the Federal Rules of Civil Procedure states that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Nothing in the language of Rule 37(a)(1) limits this requirement to scenarios where both sides are represented by counsel. Thus, Plaintiffs' counsel should, at the very least, attempt a meet-and-confer with Mr. Lusk.[6] Because of Plaintiffs' failure to comply with Rule 37(a)(1), the motion to compel is denied without prejudice to refiling once attempts have been made to confer with Mr. Lusk. Once such attempts have been made, Plaintiffs should be better able to address the Court's concerns about whether the contact information for Mr. Lusk is still good, whether he had notice of the discovery, whether he had notice of the motion to compel, and whether he opposes the discovery requests.

**IT IS THEREFORE ORDERED** that Plaintiffs' Postjudgment Motion to Compel Defendant Ron Lusk to Produce Federal Tax Returns (Dkt. 241) is **DENIED** without prejudice to refiling once Plaintiffs' counsel have complied with Rule 37(a)(1) of the Federal Rules of Civil Procedure.

---

[6] *Cf. McCoy v. Miller*, No. 5:12-cv-03050-JAR-KGS, 2014 WL 1977207, at *2 (D. Kan. May 15, 2014) (faulting a pro se prisoner for not complying with a local rule to meet and confer prior to filing a motion to compel); *Pollitt v. Casa Grande Union High Sch. Dist. No. 82*, No. 4:13-cv-00383-TUC-JGZ, 2014 WL 12681604, at *5 (D. Ariz. May 13, 2014) ("The duty to confer also applies to parties appearing *pro se*."); *Rogers v. Giurbino*, 288 F.R.D. 469, 477 (S.D. Cal. 2012) ("Rules requiring meet-and-confer efforts apply to pro se litigants.").

**IT IS SO ORDERED** this 11th day of February, 2020.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE